## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Vancare Inc., | ) |
| | ) |
| Plaintiff, | ) COMPLAINT |
| | ) |
| v. | ) |
| | ) |
| T. H. E. Medical, Inc. | ) |
| and T.H.E. Medical Holdings Canada, Inc. | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

Plaintiff, for its complaint, by and through its attorney, alleges that:

**PARTIES AND NATURE OF SUIT**

1. This suit is for: (1) Lanham Act violations under 15 U.S.C 1125(a) and (c) for false designation of origin, false description and dilution; (2) federal trademark infringement under 15 U.S.C. 1114; (3) common law unfair competition; (4) common law trademark infringement; (5) violation of the Nebraska Dilution Statute; and (6) violation of the Nebraska Deceptive Trade Practices Act.

2. Plaintiff, Vancare Inc., is a corporation of the State of Nebraska and has its principal offices at 1515 First Street, Aurora, Nebraska 68818.

3. Since July 31, 1992, the Plaintiff has continuously sold "VANDER-LIFT" slings nationally under the trademark, "VANDER-LIFT" and now sells such slings nationally.

4. On January 13, 1998, United States Trademark Registration 2,129,029 was granted to Vancare Inc., for the trademark, "VANDER-LIFT". All right, title and interest in the trademark, "VANDER-LIFT" are owned by the Plaintiff. A copy of this registration from the U.S. Trademark

Office is attached to this complaint as Exhibit A.

5. Plaintiff has complied in all respects with the United States Trademark Law, 15 U.S.C. Section 1051 et seq., and all other laws governing trademarks and has preserved its rights and privileges in and to the trademark, "VANDER-LIFT".

6. Plaintiff has used and owns the trademark "VANDER-LIFT" and has used this mark continuously on slings since at least July 31, 1992 in interstate and intrastate commerce.

7. Plaintiff promotes and has promoted the use of slings under the trademark "VANDER-LIFT" since at least July 31, 1992.

8. By virtue of the goodwill developed by the Plaintiff's activities and because the trademark "VANDER-LIFT" is well-known among the customers of Plaintiff, the mark has a value in excess of $75,000 exclusive of interest and costs.

9. Defendants, T.H.E. Medical, Inc., and T.H.E. Medical Holdings Canada, Inc., both being businesses organized under the laws of the State of Delaware, have regular and established places of business at 11 Summerlin Avenue, Suite 285, Orlando, FL. 32801.

**SUBJECT MATTER JURISDICTION**

10. Jurisdiction is given this Court over: (a) counts I, II, IV and VI for federal trademark infringement, false designation of origin arising under the Lanham Act of 1946, 15 U.S.C. Section 1121 et seq., for false description and dilution and federal unfair competition under 15 U.S.C. 1125(a) and (c) by Title 28, United States Code, Section 1338(a) and the general federal questions statute, 28 U.S.C. Section 1331; and (b) for unfair competition, state trademark infringement, violation of the Nebraska Anti-dilution and Deceptive Trade Practices Act under counts III, IV and V arising in part under the State and common law of trademarks and unfair competition of Nebraska

over which this Court has pendent jurisdiction under 28 U.S.C. Section 1338(b) and upon the principles of supplemental jurisdiction, 28 U.S.C. Section 1367(a).

11. The Plaintiff, Vancare Inc., and the Defendants, T.H.E. Medical, Inc., and T.H.E. Medical Holdings Canada, Inc., are citizens of different states. The amount in controversy is in excess of $75,000 exclusive of interest and costs.

12. The jurisdiction of this Court with respect to all counts is also founded upon the provisions of 28 U.S.C. Section 1332(a) in that the matter and controversy exceed $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties in that Plaintiff, Vancare Inc., is a Nebraska corporation while Defendants, T. H. E. Medical, Inc., and T.H.E Medical Holdings Canada, Inc., are Delaware corporations.

**PERSONAL JURISDICTION**

13. Personal jurisdiction over the Defendants, T.H.E. Medical, Inc., and T.H.E. Medical Holdings Canada, Inc., are based on the Nebraska Long Arm Statute, Revised Statutes of Nebraska, Chapter 25-536. This course of action arose from the Defendants' transaction of business in this jurisdiction as recited herein and the Defendants' causing tortious injury in this jurisdiction as recited herein.

14. T.H.E. Medical, Inc., and T.H.E. Medical Holdings Canada, Inc., have contacts in this jurisdiction sufficient for it to be subject to suit. On information and belief, some such contacts are: (a) advertising their products over the internet to Nebraska residents and others; and (b) delivering products into Nebraska ordered by residents of Nebraska from the internet including selling a sling not manufactured by the plaintiff under the trademark "VANDER-LIFT".

**VENUE**

15. Venue is given this Court as to Defendants, T.H.E. Medical, Inc., and T.H.E. Medical Holdings Canada, Inc., by Title 28, United States Code, Section 1400(b).

**DEFENDANTS' WRONGFUL ACTIVITIES**

16. On information and belief, Defendants, T.H.E. Medical, Inc., and T.H.E. Medical Holdings Canada, Inc., are: (a) advertising their slings over the internet throughout the United States under the trademark, "VANDER-LIFT"; (b) taking orders for slings under the designation "VANDER-LIFT"; (c) have sold and delivered at least one sling under the designation "VANDER-LIFT" to Parkview Home-HCIS, Attn: Mrs. Diane Falk/verbal, 930 2nd Street, Dodge, NE 68633-3555.

17. Defendants, T.H.E. Medical, Inc., and T.H.E. Medical Holdings Canada, Inc., have been informed that the trademark, "VANDER-LIFT" is owned by the Plaintiff.

18. On information and belief, T.H.E. Medical, Inc., and T.H.E. Medical Holdings Canada, Inc., continue to advertise and sell products and services infringing the trademark "VANDER-LIFT" and will continue unless enjoined by this Court.

19. On information and belief, by the acts above alleged, all of which will continue unless enjoined by this Court, Defendants have damaged Plaintiff by reducing Plaintiff's activities and sales, injured Plaintiff's reputation and injured and deceived the public, thus causing Plaintiff irreparable harm, the extent of which is presently unknown.

20. Plaintiff does not have an adequate remedy at law.

## COUNT I

### INFRINGEMENT OF THE TRADEMARK, "VANDER-LIFT" UNDER SECTION 32 (15 U.S.C. SECTION 1114) OF THE TRADEMARK ACT OF 1946

21. This is a claim under Section 32 of the Trademark Act of 1946, 15 U.S.C. Section 1114. Jurisdiction is proper under 15 U.S.C. Section 1121 and 28 U.S.C. Section 1338. Venue is proper under 28 U.S.C. Section 1391(b), (c) and (d). Each and every allegation made herein above in paragraphs 1 through 21, inclusive, is hereby realleged and incorporated by reference.

22. Notwithstanding Plaintiff's well known and established rights in and to the trademark, "VANDER-LIFT", the Defendants commenced using at least as early as January 26, 2011, the confusingly similar mark "VANDER-LIFT" in connection with the advertisement, distribution and sale of slings in the United States, including the state of Nebraska.

23. Defendants at the time they first adopted and used the "VANDER-LIFT" mark advertising and sale of slings in the United States were on constructive notice under 15 U.S.C. Section 1072 and had actual notice of the proprietary rights held by Plaintiff in the "VANDER-LIFT" mark and registration.

24. The "VANDER-LIFT" mark which was adopted and is being used by Defendants for slings is substantially identical to Plaintiff's "VANDER-LIFT" mark for slings and is directly competitive with the slings with which Plaintiff's mark is being used, and are offered and sold to the same class of customers through the same channels of trade and advertised in the same media. Such use of the "VANDER-LIFT" mark by Defendants in connection with said products is likely to cause confusion and has caused confusion of the public into buying slings which originate with

Defendants believing they are in some way sponsored or sanctioned by, or connected with, or offered for sale by, or are under the auspices of Plaintiff.

25. The use by Defendants of the "VANDER-LIFT" mark in connection with their advertising and sale programs for slings is likely to cause confusion, mistake and deception to the public as to the origin of the slings sold by Plaintiff and Defendants all to the damage of the public and to the damage of Plaintiff. Therefore, such use by Defendants infringe the proprietary rights of Plaintiff in the "VANDER-LIFT" mark and in direct violation of 15 U.S.C. Section 1114(1).

26. Defendants' use of marks similar to Plaintiff's "VANDER-LIFT" mark has been deliberate and willful and has been committed with the intent to cause confusion and mistake, and to deceive and defraud the public.

27. The above-described acts of Defendants constitute an infringement of Plaintiff's mark, "VANDER-LIFT" under Section 32 of the Trademark Act of 1946 (15 U.S.C. Section 1114).

28. Defendants' use of marks similar to Plaintiff's "VANDER-LIFT" mark has caused serious and irreparable harm to Plaintiff and unless Defendants are enjoined from continuing their infringement, Plaintiff will continue to be irreparably injured.

### COUNT II

### USE OF "VANDER-LIFT" AS FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a)(c) (15 U.S.C. SECTION 1125(a)(c)) OF THE TRADEMARK ACT OF 1946

29. This is a claim under Section 43(a) and (c) of the Trademark Act of 1946, 15 U.S.C. Section 1125(a) and (c). Jurisdiction is proper under 15 U.S.C. Section 1121 and 28 U.S.C. Section 1338. Venue is proper under 15 U.S.C. Section 1391 (b), (c) and (d). Each and every allegation

made here and above in paragraphs 1 through 29, inclusive, is hereby realleged and incorporated by reference.

30. The "VANDER-LIFT" mark of Plaintiff is strongly associated in the minds of the public as identifying SLINGS originating from a single source and as being of a particular high quality associated with Plaintiff and its services and the acts of Defendants as stated above in adopting and using the "VANDER-LIFT" mark for slings is likely to cause confusion, mistake and deception in the minds of the purchasing public and trade as to the source of the products of Plaintiff and Defendants, or is likely to create the impression that Defendants, and their products are connected with, sponsored or licensed by, or associated with Plaintiff and its services thereby trading upon the goodwill and reputation that Plaintiff has created for its "VANDER-LIFT" products with results that Defendants' products are being palmed off as being the products of Plaintiff or as being connected with, sponsored, or licensed by, or associated with Plaintiff and its goods.

31. The acts of Defendants in using the "VANDER-LIFT" mark in connection with slings and in causing such products to enter into commerce, constitutes a false designation of origin and false description and representation in violation of Section 43(a)(1) of the United States Trademark Laws, which said acts have caused damage to Plaintiff as previously alleged herein.

32. Upon information and belief, Defendants offer slings to the public under the infringing "VANDER-LIFT" mark with the knowledge that such sales would be likely to confuse the public into thinking, incorrectly, that such products are in some way connected with, sponsored or licensed by, or associated with Plaintiff, or that Defendants are connected with, sponsored or licensed by, or associated with Plaintiff. Such acts of Defendants constitutes a willful and deliberate violation of Section 43(a)(1) of the United States Trademark Laws resulting in Plaintiff's continuing irreparable

damage.

33. The above-described acts of the Defendants constitute a false designation of origin and a false representation that the Defendants' products sold under the mark, "VANDER-LIFT", are franchised, sponsored, controlled or connected with the Plaintiff and are in violation of 15 U.S.C. Section 1125(a) and (c). Plaintiff has been and is likely to be further damaged by such false designation of origin and false representation because of the likelihood that the public will be confused as to the source, sponsorship or affiliation of the Defendants.

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT OF "VANDER-LIFT" AND UNFAIR COMPETITION

34. This is a claim under the common law of trademarks and unfair competition and each and every allegation made hereinabove in paragraphs 1 through 34 inclusive, are hereby realleged and incorporated by reference. This Court has jurisdiction under 28 U.S.C. Section 1338(b). Venue is proper under 28 U.S.C. Section 1391 (b), (c) and (d).

35. Plaintiff owns and has continuously used the common law mark "VANDER-LIFT" on its slings since at least 1992.

36. On information and belief, use of the mark, "VANDER-LIFT" by Defendants will lead to the erroneous belief that Defendants' products originate with or are sponsored by Plaintiff, enabling Defendants to misappropriate and unfairly trade upon Plaintiff's valuable goodwill and reputation in the mark "VANDER-LIFT" and subjecting the Plaintiff to the hazards and perils attendant upon Defendants' business activities over which Plaintiff has no control. Such use by Defendants is in violation of Plaintiff's rights under the common law of trademark and unfair

competition.

37. Defendants' acts, as stated above, constitute infringement of the common law rights of Plaintiff in and to the above stated "VANDER-LIFT" mark. Defendants' infringement of Plaintiff's common law rights have diminished and devalued the worth of Plaintiff's "VANDER-LIFT" mark and the continuing infringement by Defendants in the future, will tend to cause further diminishment and devaluation of the worth of said trademark.

38. As a direct and proximate result of Defendants' actions, Plaintiff has sustained and will continue to sustain substantial injury to its proprietary rights, and has sustained and will continue to sustain substantial injury to its business, reputation and public goodwill in an amount which can not be presently ascertained. Plaintiff will amend this Complaint to set forth the precise nature and amount of such damages when the same have been ascertained.

39. As a further direct and proximate result of Defendants' wrongful acts, Defendants have unlawfully derived income and profits from their wrongful acts.

40. The conduct of Defendants was malicious, oppressive and in reckless or conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish Defendants and to deter similar wrongdoing by others.

41. Defendants' acts of infringement set forth in this claim leave Plaintiff with no adequate remedy at law and have caused and will continue to cause irreparable damage unless enjoined by this Court.

## COUNT IV

### STATE AND FEDERAL TRADEMARK DILUTION

42. Plaintiff repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

43. Defendants' use of "VANDER-LIFT" is likely to injure the business reputation of Plaintiff and dilute the distinctive quality of Plaintiff's famous mark "VANDER-LIFT" and the proprietary rights of Plaintiff therein. Defendants' conduct constitutes violation of the Nebraska Dilution Statute, Nebraska Revised Statutes section 87-122 and the Federal Dilution Statute 15 U.S.C. 1125(c).

44. Plaintiff reasonably fears and apprehends that it will suffer loss of money and property unless Defendants are enjoined by this Court from continuing the above described acts of trademark dilution.

## COUNT V

## VIOLATION OF NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT

45. Plaintiff repeats and realleges paragraphs 1 through 45 herein.

46. Defendants' acts hereinabove pleaded, constitute violations of the Nebraska Uniform Deceptive Trade Practices Act, Nebraska Revised Statutes 887-302(a)(1979 supp).

## COUNT VI

## FEDERAL UNFAIR COMPETITION

47. This is a claim for false advertising under 15 U.S.C. 1125(a). Plaintiff repeats and realleges paragraphs 1 through 47 inclusive.

48. Defendants have advertised and sold slings under the trademark "VANDER-LIFT" in interstate commerce including advertising in the state of Nebraska.

49. Defendants have raised a considerable revenue that it would not have raised but which would have been raised by Plaintiff if the Defendants had not made the above and hereinafter false statements cited in paragraphs 47 through 60. Moreover, the Defendants' revenue was increased by failing to deliver to the satisfaction of customers, who have mistaken the Defendants for the Plaintiff and have mistakenly written to the Plaintiff in Aurora, Nebraska, complaining about the failures of the Defendants, thus causing loss of goodwill on the part of the Plaintiff. The Plaintiff has thus been deprived of contributions and its goodwill has been lost because of the false advertising of the Defendants.

WHEREFORE, Plaintiff prays that this Court enter judgment and decree against the Defendants that the Defendants, their respective officers, directors, representatives, successors and assigns and all those in active concert and in active participation with Defendants and each and all of them and all those acting under their authority and control or in privity with them, or any of them:

1. Be preliminarily and perpetually enjoined from:

(a) committing further acts of infringement of said trademark and from aiding or abetting or inducing or in any way contributing to the infringement of said trademark;

(b) using directly or indirectly as a trademark or trade name, "VANDER-LIFT", or any other mark or name confusingly similar to the same in connection with slings;

(c) using the mark, "VANDER-LIFT" or any other name or mark confusingly similar to the same in connection with any business which the Defendants conduct, own or control;

(d) holding themselves out as the owner of or a manufacturer, distributor or sales office authorized to use "VANDER-LIFT", as a trademark or a trade name;

(e) performing any actions having the effect of, directly or indirectly, representing that any business owned by or affiliated with Defendants is connected with Plaintiff or sponsored, approved or licensed by Plaintiff;

(f) inducing others, by contract or otherwise, to use the name or mark, "VANDER-LIFT" or any similar name or mark confusingly similar to the same in connection with slings;

(g) diluting Plaintiff's "VANDER-LIFT" mark or causing injury to Plaintiff's business reputation; and

(h) making false descriptive statements about its services or about the services, products or trademarks of Plaintiff.

2. Awarding to Plaintiff an accounting for profits and damages arising out of infringements, trademark dilution, unfair competition and false description by the Defendants, such damages to be trebeled because of the willful nature of the infringements.

3. Awarding to Plaintiff an assessment of its costs and attorney's fees against the Defendants.

4. That Defendants be required to account to Plaintiff for all gains and profits derived by Defendants from the acts described herein.

5. That Plaintiff be awarded punitive damages in such amount as the Court or jury might find arising from Defendants' willful acts of common law trademark infringement and federal and common law unfair competition.

6. That Defendants be required, pursuant to the provisions of the United States Trademark Laws to deliver up for destruction by this Court or by authorized agents of Plaintiff all advertising and promotional materials, labels, cartons, brochures, business stationery, calling cards, information sheets, posters, signs and any or all other printed or graphic materials of any type, including the

plates, molds or other means of producing same, which bear thereon the infringing and unfairly competing "VANDER-LIFT" mark or any confusingly similar variations or simulations thereof.

7. That Defendants pay to Plaintiff all costs of this action and Plaintiff's reasonable attorney's fees pursuant to the provisions of 35 U.S.C. Section 285 and 15 U.S.C. Section 1117, because of the calculated and deliberate nature of the infringing and unfairly competing activities of Defendants sought to be enjoined hereby which make this an exceptional case warranting such an award.

8. That the Court declare that the trademark "VANDER-LIFT" identify slings offered by the Plaintiff.

9. Such other and further different relief as this Court may deem just and proper.

VANCARE INC.
Plaintiff

Date: June 22, 2011

By: /s/ Vincent L. Carney
Vincent L. Carney, #10605
Attorney for the Plaintiff
P.O. Box 80836
Lincoln, NE 68501
(402) 465-8808 (phone)
(402) 465-8810 (facsimile)
E-mail: vcarney@aol.com

Plaintiff requests trial in Lincoln, Nebraska